1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   PATRICK PICENO,                          )   Case No.: 1:20-cv-01154-JLT (HC)
                                               )
12                    Petitioner,              )   ORDER DIRECTING CLERK OF COURT TO
                                               )   ASSIGN DISTRICT JUDGE
13           v.                                )
                                               )   FINDINGS AND RECOMMENDATION TO
14   H.B. ANGLEA, Warden,                      )   DISMISS PETITION
                                               )
15                    Respondent.              )   [THIRTY-DAY OBJECTION DEADLINE]
                                               )
16   _____  )

17           On August 18, 2020, the petitioner filed the instant petition for writ of habeas corpus in this

18   Court. (Doc. 1.) The petition does not challenge the underlying conviction; rather, it presents a claim

19   concerning the conditions of his confinement. For this reason, the Court will recommend it be

20   DISMISSED.

21                                    **DISCUSSION**

22   A.      Preliminary Review of Petition

23           Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

24   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

25   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26   the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

27   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

28   either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

                                               1

1    answer to the petition has been filed.

2    B.    Civil Rights Claims

3        Petitioner does not challenge his conviction.  Rather, it appears that Petitioner is making

4    complaints concerning the conditions of confinement.  Petitioner contends that the courts used the

5    incorrect standard in reviewing the validity of a prison regulation, which does not allow prisoners to

6    exercise without a shirt being worn.  (See Doc. 1 at 5.)

7        A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

8    duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

9    Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is

10   the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson,

11   500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not

12   cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for his

13   complaints by way of a civil rights action.

14       In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district

15   court has the discretion to construe a habeas petition as a civil rights action under § 1983.   However,

16   recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it

17   names the correct defendants and seeks the correct relief," and only after the petitioner is warned of

18   the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.

19   Here, the Court does not find recharacterization to be appropriate.  Petitioner does not name the proper

20   defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court

21   should not exercise its discretion to recharacterize the action.

22       Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be

23   directed to send Petitioner a blank civil rights complaint.

24                                **ORDER**

25       The Court DIRECTS the Clerk of Court to assign a district judge to the case.

26                            **RECOMMENDATION**

27       Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED and

28   the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, the petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **August 21, 2020**                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE